No. 11,620.

STATE OF LOUISIANA VS. EMILE E. DUCOTE.

The motion in arrest on the ground that the subject of the larceny is immovable property will not be sustained when the indictment by which the motion is to be tested charges the larceny of personal property: bee hives.

State vs. Ducote.

The verdict in a criminal case will not be set aside because one of the witnesses remained in court after the order for the separation of witnesses, the witness, it appears, not understanding English, nor intended, as the trial judge states, to be embraced in the order, and there being no possible prejudice to the prisoner from the witness not leaving the court room.

APPEAL from the Tenth District Court, Parish of Avoyelles. Coco, J.

*M. J. Cunningham,* Attorney General, and *Phanor Breazeale,* District Attorney, for Plaintiff and Appellee.

*A. J. Lafargue* and *Joffrion & Joffrion* for Defendant and Appellant.

The opinion of the court was delivered by

MILLER, J.   The defendant, convicted of larceny, appeals from his sentence.

The appeal is based on the motion in arrest of judgment alleging that defendant was convicted of the larceny of immovable property, to-wit: bee hives, claimed in the motion to have formed part of the immovable. A motion in arrest, of this character, is designed to point out an alleged defect apparent on the face of the indictment. On reference to the indictment we find no such defect. The subject of the larceny is charged to be two bee hives, with no averment they formed part of any immovable. Bee hives are undoubtedly personal property. There is, therefore, nothing to support the motion, and we are dispensed from the necessity of determining whether the hives, if attached to the immovable, could be the subject of larceny.

The exception reserved to the admissibility of the testimony of a witness remaining in the court after the order for the separation of the witnesses presents no ground to reverse the sentence. The judge states the witness did not understand English and in the judge's view was not included in the order. Besides, we do not appreciate this exception is relied on in this court.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.